# Hochheiser *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Collision—Car and wagon—Turning into tracks—Case for jury.*

1. In an action against a street railway company to recover damages for personal injuries sustained by a driver of a wagon while turning back from one of the tracks of the railway into the other which he had been compelled to leave shortly before to make way for a car following him, the case is for the jury where the evidence tends to show that the plaintiff saw no car approaching upon the track into which he was turning, and that there was time sufficient to admit of the motorman in charge of the car which struck the plaintiff to slow up or stop in time to avoid the collision.

2. In such a case the plaintiff's guess as to the distance which he traveled upon the track into which he had turned, cannot be used against him to defeat his right of recovery, where his own testimony and the other testimony in the case showed that the distance which he estimated was clearly insufficient.

Argued Oct. 19, 1909. Appeal, No. 85, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 799, on verdict for plaintiff in case of Louis Hochheiser, by his next friend, Charles Kohut, v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,650. Defendant appealed.

*Error assigned* was in refusing judgment for defendant non obstante veredicto.

*James C. Gray,* with him *Clarence Burleigh* and *William A. Challener,* for appellant, cited: Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union Traction Co., 199 Pa. 264;

Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107.

*Joseph Stadtfeld,* for appellee.—Plaintiff's testimony made out a prima facie case and disclosed no contributory negligence, and was clearly one for the jury to determine under all the evidence.  Even if subsequent portions should appear at variance, which we deny, it nevertheless should be submitted to the jury: Sloan v. Phila. & Reading Ry. Co., 225 Pa. 52; Glase v. Phila., 169 Pa. 488; Ely v. Railway Co., 158 Pa. 233.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

The appellant here complains of the refusal by the court below to enter judgment in its favor, non obstante veredicto.

The testimony on the part of the plaintiff was to the effect that he was driving westwardly on the west-bound track of the defendant company, and found it necessary to turn out to let a car pass him, which was approaching from the rear.  He could not turn to the right because of obstructions, and therefore turned to the left upon the other, which was the east-bound track.  Before doing so, he says he saw no car approaching upon that track.  After the car behind him had passed, he immediately started to go back to the west-bound track, but before he could clear the east-bound track his wagon was struck by a car approaching from the west, and he was injured.  The evidence is somewhat confusing, but we cannot say that the testimony of the plaintiff presents an impossible story.  Counsel for appellant argue that plaintiff must have driven immediately in front of the car which struck him, when it was so close as to render the accident unavoidable.  Had this been the only reasonable inference to be drawn from the testimony, the case should not have been left to the jury.  But the theory of appellant in this respect is based upon a partial view only of the evidence and it takes into account only the estimate which was made by the plaintiff of the distance which he traveled upon the east-bound track, and which was clearly nothing more than a guess.  Plaintiff did say that after turn-

ing out to let the car which was behind him pass, he thought he only traveled from fifteen to twenty-five feet on the left-hand track until he was struck; but at the same time he said he traveled far enough upon that track to be overtaken and passed by the car upon the other track which he had just vacated. It is common knowledge that an ordinary car in itself is longer than the distance he gave as his estimate of the entire distance he traveled upon the left-hand track, and both the wagon and the car were moving while the car upon the right-hand track overtook and passed the wagon; so that an inference that he traveled upon the left-hand track for a distance equal to twice the length of the car, or more, while it was passing him, would not be unreasonable. Add to this the fact, as testified to by both conductors, that the two cars met and passed each other before the collision, at a point not far from Twelfth street, and ample justification may be found for the inference apparently drawn by the jury that when the plaintiff entered upon the left-hand track he was far enough away, and the time was sufficient to admit of the motorman in charge of the east-bound car slowing up or stopping, in time to avoid the collision. The story of the occurrence, as given by the plaintiff, is at least not an impossible one. His guess as to the distance which he traveled upon the left-hand track, was clearly not reliable; but his story of the manner in which he turned out to permit the passage of the car, and his action in crossing from one track to the other and returning, and the relative position of the two cars when they met and passed each other after the car on the right-hand track passed the wagon, and before the collision, all presented elements proper for the consideration of the jury, and from which they might reasonably have drawn an inference of negligence upon the part of the motorman in charge of the east-bound car.

Our examination of all the evidence satisfies us that the trial judge was right in refusing to take the case from the jury, and in refusing to enter judgment non obstante veredicto, in favor of the defendant company.

The judgment is affirmed.